**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DIEGO VEGA ESPINOZA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2065-SLP** |
| | ) | |
| **MARKWAYNE MULLIN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Diego Vega Espinoza, a noncitizen[1] and Mexican national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). Chief United States District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 4. The undersigned set an expedited briefing schedule, Doc. 5, and the Petition is at issue.

For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondent to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time. The undersigned further recommends the Court deny the Petition to the extent Petitioner seeks relief based on (i) a warrantless arrest and (ii) family members' immigration and citizenship statuses.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. Background

Petitioner, a citizen of Mexico, entered the United States on a B-2 nonimmigrant visa as a Visitor for Pleasure on February 20, 2016. Pet. at 6; Doc. 7-1 at 1 (Notice to Appear).[2] Petitioner was authorized to remain in the United States until June 17, 2016. Doc. 7-1 at 1. Petitioner did not depart the United States by June 17, 2016. *Id.*

On or before July 3, 2026, Petitioner was arrested during a traffic stop. Pet. at 4, 6. On July 3, 2026, ICE issued an arrest warrant for Petitioner and detained him. Doc. 7-2 at 1 (Warrant); Doc. 7-3 at 1 (Notice of Custody Determination). That same day, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being a nonimmigrant under 8 U.S.C. § 1101(a)(15) who remained in the United States longer than permitted. Doc. 7-1 at 1.

Respondent acknowledges Petitioner is detained pursuant to 8 U.S.C. § 1226(a). Resp. at 4. Petitioner did not allege he requested a bond hearing. Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

An IJ granted Petitioner voluntary departure on September 11, 2026. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last visited Sept. 15,

[2] Citations to the Petition, Doc. 1, utilize CM/ECF page numbers in the document's header.

2026). Petitioner's deadline to appeal this decision is October 13, 2026. *Id.* Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Sept. 15, 2026).

## II. Petitioner's Claims

Petitioner asserts four counts in his Petition.

- **Count I: Violation of Procedural and Substantive Due Process.** Petitioner alleges he was illegally arrested and detained without a warrant or probable cause, which violated his rights to procedural and substantive due process. Pet. at 6.

- **Count II: Illegal Arrest and Detention.** Petitioner alleges he is married to a permanent resident and has two children who are United States citizens, making his arrest and detention illegal. *Id.*

- **Count III: Violation of Procedural and Substantive Due Process.** Petitioner alleges he was not provided notice and a meaningful opportunity to respond before his arrest and detention. *Id.* Petitioner alleges he has lived in the United States for more than 10 years without any material change in his circumstances, and he is not subject to a removal order. Petitioner asserts ICE is unable to "unilaterally revoke" his Order of Supervision "without an individualized review" and notice. *Id.*

- **Count IV: Violation of the Fifth Amendment:** Petitioner alleges his continued detention without a custody redetermination or bond hearing under 8 U.S.C. § 1226 violates his rights to due process. Pet. at 7. He asserts that ICE should have the burden of proof by clear and convincing evidence at a bond hearing to justify his continued detention. *Id.*

He asks the Court to grant a writ of habeas corpus, order his "immediate release on an appropriate order of supervision," or, alternatively, "order Respondent to conduct a prompt

custody re-determination" hearing. *Id.* (citation modified). Petitioner also asks that Respondent be enjoined "from future illegal detention." *Id.*

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. It is undisputed section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1226(a) generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Petitioner alleges § 1226(a) governs his current detention. Pet. at 7. Respondent does not dispute Petitioner is detained under § 1226(a). Resp. at 4 ("It is undisputed that Petitioner is detained under § 1226(a).").

The Tenth Circuit recently confirmed § 1226(a) applies to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek

admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Respondent's acknowledgement that § 1226(a) applies, Tenth Circuit precedent, and this Court's prior reasoning in *Lopez v. Corecivic Cimmaron Correctional Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See Kumar v. Mullin*, No. CIV-26-689-SLP, 2026 WL 1960943, at *1 (W.D. Okla. July 7, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[3]

---

[3] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondent's statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guardian*, --- F.4th ----, 2026 WL 2661092, at *20-21 (4th Cir. Sept. 10, 2026); *Buele Morocho v. Warden, Phila. FDC*, --- F.4th ----, 2026 WL 2546223, at *7 (3d Cir. Aug. 28, 2026); *Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, --- F.4th ----, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026); *Rodriguez Vazquez v. Bostock*, 483 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondent's position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondent has filed a petition for a writ of certiorari to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

**B. The proper remedy is a bond hearing.**

Petitioner seeks "immediate release on an appropriate order of supervision" or, alternatively, asks the Court to "order respondent to conduct a prompt custody re-determination." Pet. at 7 (citation modified). The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Kumar*, 2026 WL 1960943, at *2 (concluding because § 1226(a) governs petitioner's detention, "he is entitled to an individualized bond hearing"). Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g., Guzman Morales v. Mullin*, No. CIV-26-587-SLP, 2026 WL 1962374, at *2 (W.D. Okla. July 7, 2026) (declining to address petitioner's burden-shifting claim). Therefore, the Court should grant the Petition in part and order Respondent to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[4]

[4] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

**C. Petitioner's due process claims do not warrant relief.**

Petitioner asserts his due process rights were violated because he was arrested "without a warrant." Pet. at 6. Under § 1226(a), a noncitizen may only be arrested and detained "on a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (citation modified). However, Respondent submitted a copy of the warrant dated July 3, 2026, which is the date Petitioner's immigration detention began. Pet. at 4; Doc. 7-2 at 1. He has not demonstrated any deficiency in the warrant. As such, the Court should deny Petitioner's claim for relief based on a warrantless arrest.

Petitioner also argues his continued detention without a bond hearing violates his rights to due process. Pet. at 6-7. If the Court grants habeas relief to Petitioner with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's due process claims based on his continued detention. *See, e.g.*, *Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *3 (W.D. Okla. June 9, 2026) (declining to decide the merits of a petitioner's additional due process claim when adopting the recommended relief of a bond hearing pursuant to § 1226(a)).

**D. The Court should deny Petitioner's remaining request for relief based on his expired tourist visa and family status.**

Finally, Petitioner alleges his arrest and detention are illegal because (1) he was "admitted to the United States in 2016 with a Tourist Visa" before he "overstayed," (2) he is married to a permanent United States resident, and (3) he has two children who are United States citizens. Pet. at 6 (citation modified). Respondent seeks dismissal of this claim under Federal Rule of Civil Procedure 12(b)(6). Resp. at 5-9. However, in the

interests of judicial efficiency and because Respondent did not file a motion seeking dismissal of this count, the undersigned has treated his Response, Doc. 7, as a true response to the Petition, rather than a combined response and motion under Rule 12(b)(6). *See* Doc. 5 at 1 (ordering separate deadlines for Respondent to file either a response or a pre-answer motion); *cf.* LCvR 7.1(c) (indicating a response to a motion may not "also include a motion or cross-motion made by the responding party," the logic of which also applies here).

The Court should deny relief as to this claim. Petitioner's family status is not indicative of whether his arrest and subsequent detention are legal. Likewise, the circumstances of Petitioner's arrival on a nonimmigrant visa and his subsequent presence with family members in the United States, Pet. at 6, do not alter application of *Santillan Quiroz* or his entitlement to a bond hearing under § 1226(a).

## V. <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondent to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **September 22, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **September 25, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual

and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 15th day of September, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE